**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

KEITH JAMES,                                          CASE NO. 2:13-cv-0734

           Petitioner,                     JUDGE EDMUND A. SARGUS, JR.

v.                                                              Magistrate Judge Kemp

WARDEN, LEBANON
 CORRECTIONAL INSTITUTION,

        Respondent.

<u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254.  This matter is before the Court on the petition, the return,

and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge

**RECOMMENDS** that petitioner's claims be **DISMISSED**.

## I.  PROCEDURAL HISTORY

The September, 2008 term of the Franklin County, Ohio grand jury indicted

petitioner on two counts relating to the distribution and possession of marijuana.

*Return of Writ, Exhibit One.*  He was found guilty by a jury of both counts and was

sentenced on March 10, 2009 to eight years of imprisonment on each count, to be served

concurrently.  *Return, Exhibit Five.*  Through counsel, he filed a timely appeal to the

Tenth District Court of Appeals, raising three assignments of error:

    I.  THE TRIAL COURT ERRED TO THE PREJUDICE OF THE
DEFENDANT APPELLANT WHEN, AFTER GRANTING THE MOTION
IN LIMINE FOR THE PRIOR DELIVERY DOCUMENT FOUND IN THE

POCKET OF A CO-DEFENDANT, IT RESERVED RULING ON THE
DUPLICATE DOCUMENT OBTAINED FROM THE FREIGHT
COMPANY.

II. DEFENDANT APPELLANT WAS DENIED EFFECTIVE ASSISTANCE
OF COUNSEL AS THE RESULT OF HIS COUNSEL'S FAILURE TO
OBJECT TO THE INTRODUCTION OF A TEXT MESSAGE AND THE
PUBLICATION OF THE PRIOR DELIVERY DOCUMENT.

III. DEFENDANT APPELLANT WAS DENIED A FAIR TRIAL AS THE
RESULT OF PROSECUTORIAL MISCONDUCT IN PUBLISHING
INADMISSIBLE DOCUMENTS TO THE JURY AND SUBPORNING (sic)
PERJURY.

*Return, Exhibit Seven.* In a decision dated December 1, 2009, the state court of appeals

affirmed petitioner's convictions. *State v. James*, 2009 WL 4308633 (Franklin Co. App. 09.

Dec. 1, 2009); *Return*, Exhibit 10.

On January 5, 2010, petitioner appealed the decision of the state court of appeals

to the Supreme Court of Ohio. *Return, Exhibit 11.* In slightly different wording, and in a

different order, he raised the same three issues which had been presented to the appeals

court. On March 10, 2010, the Supreme Court of Ohio denied leave to appeal. *State v.*

*James*, 124 Ohio St.3d 1510 (Table) (March 10, 2010); *Return of Writ, Exhibit 14.*

Petitioner also attacked his conviction through a post-conviction petition filed on

May 18, 2010 pursuant to O.R.C. §2953.21. In that petition, he claimed that he had

newly-discovered evidence of his innocence. He also attempted to raise issues

concerning the search of his cell phone and the effectiveness of both trial and appellate

counsel. *See Return, Exhibit 16.* In an entry dated February 11, 2011, the Court of

Common Pleas found that the petition was untimely, concluding that it should have been filed no later than 180 days after May 29, 2009 (when the transcript of the trial was filed in the state court of appeals), and overruled it on that basis. *Return, Exhibit 21.* Petitioner timely appealed that decision, arguing that the prosecution's failure to turn over favorable evidence justified the late filing of the petition. In a decision dated December 15, 2011, the Tenth District Court of Appeals disagreed, affirming the trial court's conclusion that the petition was untimely. *State v. James*, 2011 WL 6294704, (Franklin Co. App. Dec. 15, 2011); *Return, Exhibit 26.* On April 4, 2012, the Supreme Court of Ohio declined to accept the case for review. *State v. James,* 131 Ohio St.3d 1500 (Table)(April 4, 2012); *Return, Exhibit 30.*

While the appeal of his post-conviction petition was pending, petitioner also filed a motion to vacate judgment in the trial court. That motion was overruled by the trial court on March 29, 2013. *Return, Exhibit 32.* It does not appear that petitioner filed an appeal from that decision.

On July 3, 2013, petitioner filed this petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio. (Doc. 1). That court concluded that it lacked jurisdiction because petitioner was both convicted and incarcerated in the Southern District of Ohio. It transferred the case to this Court on July 24, 2013 (Doc. 5). Respondent then filed a return on October 8, 2013. (Doc. 10). Petitioner, through counsel, sought an extension of time to file a traverse; however, the Court denied that request, without prejudice to its renewal, because petitioner had not

3

sought concurrence in the request from opposing counsel as required by Local Civil

Rule 7.3.  To date, petitioner has neither renewed his request to file a traverse nor filed a

traverse.  The case will thus be decided on the basis of the existing record.

## II.  THE PETITION

The petition for a writ of habeas corpus raises three claims.  They are the same

three claims he raised in the appeal of his post-conviction proceeding and are phrased

as follows:

> I. WHEN THE STATE OF OHIO VIOLATES A DEFENDANT'S DUE
> PROCESS RIGHTS AND FAILS TO COMPLY WITH DISCOVERY BY
> WITHHOLDING EVIDENCE IN VIOLATION OF CRIM. R. 16 AND
> *BRADY* THE STATE OF OHIO WAIVES AND FORFEITS ANY TIME
> BARRIERS TO POST CONVICTION RELIEF UNDER R.C. § 2953.23
> UNLESS THE STATE OF OHIO SEEKS AN *EX PARTE* ORDER
> INDICATING THAT THE EVIDENCE IS NOT MATERIAL,
> DISCOVERABLE, EXCULPATORY OR INCULPATORY OR SEEKS A
> MOTION IN LIMINE.
>
> II. KEITH JAMES MET HIS BURDEN IN ESTABLISHING NEWLY
> DISCOVERED EVIDENCE WHEN HE SUPPLIES SUFFICIENT
> INFORMATION ESTABLISHING THAT THE STATE OF OHIO
> WITHHELD EVIDENCE THAT A COOPERATING CO-DEFENDANT
> HAD "THREE BALES OF MARIJUANA" WHEN KEITH JAMES'
> THEORY OF THE CASE WAS THAT THE CO-DEFENDANT WAS THE
> OWNER OF DRUGS CONTAINED IN THE INDICTMENT. THE COURT
> ABUSES ITS DISCRETION BY NOT GRANTING JAMES' MOTION.
>
> III. THE TRIAL COURT ERRED BY NOT GRANTING JAMES' MOTION
> GRANTING RELIEF IN LIGHT OF *STATE V. SMITH*.

Respondent asserts that the petition is untimely.  According to respondent, petitioner's

conviction became final for purposes of habeas corpus review on June 8, 2010 - 90 days

after the Supreme Court of Ohio denied him leave to appeal in connection with his direct appeal - and that, absent any tolling of the statute of limitations, petitioner had until June 8, 2011 to file this action.

Respondent acknowledges that the post-conviction proceeding which petitioner filed, had it been timely, would have tolled the running of the statute of limitations until the state courts ruled on the petition.  However, because it was not timely filed, it is respondent's position that it did not toll the running of the statute of limitation, and that the statute expired on June 8, 2011.  Because this case was filed more than two years after that date, respondent argues that it must be dismissed.

### III.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

(d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The limitations issues in this case appear to be fairly straightforward. Section 2244(d) makes clear that a habeas petitioner has one year after his or her state conviction becomes final to file for habeas corpus relief under 28 U.S.C. §2254. State convictions which are appealed through the highest court of the state, as petitioner's was, become final ninety days after the date of the state supreme court decision, because that is the amount of time allotted for filing a petition for a writ of *certiorari* with the United States Supreme Court. *Bronaugh v. Ohio,* 235 F.3d 280 (6th Cir. 2000). The record in this case shows that petitioner filed his habeas corpus petition more than three years after his conviction became final, and more than two years after the statute of limitations expired. The only possible way in which petitioner could overcome that bar in this Court is if the filing of his post-conviction petition tolled the running of the statute of limitations during the time it was pending.

Section 2244(d)(2) excludes from the limitations period the time during which "a properly filed application for State post-conviction or other collateral review" is pending. For a time, there was a significant divergence in the case law about what constituted a "properly filed" application or petition. The United States Supreme Court

definitively answered that question, at least as it relates to timeliness, in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  There, the Supreme Court held that "a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception."  *Id*. at 413.  In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  *Id*. at 414.  Here, the state courts all rejected petitioner's post-conviction petition as untimely.  That would seem, as the Supreme Court put it, to be "the end of the matter."

The petition does not directly address this issue.  However, it seems to suggest that Ohio incorrectly applied the statute of limitations for filing post-conviction proceedings found in R.C. §2953.23, which permits the untimely filing of a post-conviction action if, among other things, "the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief ...." R.C. §2953.23(A)(1)(a).  He claims that the prosecution's failure to comply with *Brady v. Maryland*, 373 U.S. 83 (1963) prevented him from bringing his post-conviction petition any earlier.  The state appeals court held that there is no *Brady* exception to §2953.23(A)(1)(a) and that, even if there were, petitioner also failed to show, under the language of that statute, that "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted."  Can this Court review that conclusion and hold, contrary to the findings of the state courts, that petitioner's post-

conviction action was "properly filed" for federal habeas purposes?  The answer is no.

This Court addressed this exact issue in *Chavis-Tucker v. Hudson*, 2007 WL 3171455 (S.D. Ohio Oct. 25, 2007), *report and recommendation adopted*, 2007 WL 4207914 (S.D. Ohio Nov. 26, 2007), *aff'd*, 348 Fed. App'x 125 (6th Cir. 2009).  There, petitioner argued that the state courts erred in finding one of his post-conviction filings to be untimely.  Rejecting that argument, the Court held that "this Court must defer to the state court's ruling on the timeliness of the post conviction petition."  *Chavis-Tucker v. Hudson*, 2007 WL 3171455, *8, *citing Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001). *Israfil* recognized that, in accordance with the Supreme Court's decision in *Engle v. Isaac*, 456 U.S. 107, 128-29 (1982), "[p]rinciples of comity require federal courts to defer to a state's judgment on issues of state law and, more particularly, on issues of state procedural law."  *Id* at 771.  *See also Brown v. Brunsman*, 2010 WL 2519730 (S.D. Ohio May 3, 2010), *report and recommendation adopted* 2010 WL 2519744 (S.D. Ohio June 16, 2010).  Because the state courts have conclusively determined that petitioner's post-conviction action was not timely filed, it is not a "properly filed" matter under §2244(d) and it did not toll the running of the statute of limitations.

Although not directly addressed in the Return, the Court adds this comment about the most recent motion which Petitioner submitted to the Common Pleas Court. There is some uncertainty about its filing date.  The certificate of service states that it was mailed on May 7, 2011.  It was not actually filed until January 31, 2012.  State courts in Ohio do not follow the "mailbox rule" which deems a prisoner petition filed on the

8

date it is delivered into the hands of prison officials for mailing.  The Court of Appeals for this Circuit defers to the state court rules as to the timeliness of such filings, so the effective filing date of the motion is probably the filing date.  *See Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *but see Simmons v. Atchison*, 891 F.Supp.2d 990 (N.D. Ill. Jul 23, 2012)(noting a circuit split on this issue).   As the following discussion demonstrates, it does not matter for limitations purposes which rule is used; the filing of that motion does not save this case from being time-barred.

First, it is not at all clear that the motion which Petitioner filed was "a properly filed application for State post-conviction or other collateral review" which, under 28 U.S.C. §2244(d)(2), would toll the running of the statute of limitations during the time it was pending.  The Court cannot tell from the record under what authority the motion was filed, and it did not raise any federal constitutional issues.  However, assuming it was the type of proceeding which could toll the running of the statute of limitations, and further assuming it could be deemed filed as early as May 7, 2011, it would have tolled the running of the statute of limitations only while it was "pending."  The motion was denied on March 29, 2013 and petitioner did not appeal.   The decision on that motion therefore became "final" for purposes of §2244 when the time for taking an appeal of the decision - 30 days under Ohio law, *see* Ohio App. R. 4 - expired.  *See Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452 (6th Cir. 2012). Consequently, the absolute longest period that Petitioner's motion was pending was from May 7, 2011 to April 28, 2013.

Because Petitioner's post-conviction action was not timely filed, it had no effect on the running of the statute of limitations. As noted above, the statute began to run on June 8, 2010. By May 7, 2011, all but a month of the statute had run. Even if the running of the statute stopped on that date, it began to run again on April 28, 2013 when Petitioner's motion to vacate his sentence was no longer pending. The remaining month of the limitations period expired on May 28, 2013. This case was not filed until July 3, 2013, so it is late even under that calculation. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir.2003)("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run"). And, as also noted above, it appears likely that the motion was not filed until January 31, 2012, by which time the statute of limitations had already expired, in which case the filing of that motion had absolutely no effect for limitations purposes. *See Vroman, supra; Quillen v. Warden, Marion Correctional Inst.,* 2013 WL 275973, *12 (S.D. Ohio Jan. 24, 2013), *adopted and affirmed* 2013 WL 1315089 (S.D. Ohio March 29, 2013) ("Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar").

## IV.  RECOMMENDED DISPOSITION

For the reasons set forth above, it is recommended that the petition for a writ of habeas corpus be **DENIED** because it was not filed within the time allowed by 28 U.S.C. §2244(d).

## V.  PROCEDURE ON OBJECTIONS

10

If any party objects to this Report and recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objections(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decisions of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge